Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Defender's Office for Mr. Gladding. And I will try to reserve two minutes for rebuttal. Just watch the clock, Counsel. Thank you. Your Honors, this case is about the return of non-contraband property to a criminal defendant after his or her criminal case has been completed. Counsel, what is yet to come? As I understand it, quite a few files were returned, but what are we disputing at this stage? Well, Your Honor, I think if we had an order from this Court or a ruling indicating that, yes, the non-contraband digital files are property that he's entitled to, then it could either be remanded to the district court and the government could say, look, this is everything. If that were the case, then I think the case would be over. However, my client has told me that he believes there's still things that are non-contraband that he hasn't ---- Has he identified what those things are? He can't, Your Honor. He doesn't remember the names, and he hasn't been given a directory that lists file names. And so he says, I can't tell you the names of these files, but I believe ---- and I did send him the 50-page document showing the names of all the files that have been copied. He believes there are things that are non-contraband on the seized hard drives that still aren't in there, but he says, I need to see a directory to tell you what they are. And I can't give him a directory. On paper, the government is willing to turn over everything, as I understand it, that is non-contraband. So are we kind of at an impasse? If he doesn't know what he's entitled to, I wonder what we can do. Well, I think that because the law is a little unclear here, the burdens of the two parties, it was hard to resolve in district court. If it was clear that, yes, those non-contraband files are property under Rule 41, you're entitled to those, then I think the government would either take the position that, okay, we've copied all the non-contraband, here it is. The government didn't want to do that in district court. But they have made the hard drives available to our expert, but we don't have a directory. So I can send my expert in, and I did, and copied quite a few files. But below what the defense asked for was a directory showing sort of the windows folders and the files within those folders. The government was not willing to produce that. But why is it so obvious that it's not all forfeitable? Well, Your Honor. I mean, what makes that obvious? If it were a magazine or, say, a 1,000-page book with 10 percent being child pornography, I take it the whole book is forfeitable, right? Your Honor, I can't answer on the magazine because I haven't looked at that. But I can say with a hard drive. I can say. I'm not talking about hard drives. I'm trying to figure out why hard drives are so unique. If a 1,000-page book, according to 2253A1, that has child pornography is totally forfeitable, I think what you're saying is if the person takes that book and splits its chapters into separate files and puts them on a hard drive, then the hard drive is not forfeitable because some of the files don't have child pornography. I think that's what your argument is. I mean, I mean. Am I correct? Well, in my view, if you have a book, a book is a sort of a unitary thing. And if the law says, hey, if this book has pages that are child pornography, the whole thing is subject to forfeiture, I would. Well, that's what A1 appears to say. But in my mind, a hard drive is more like if you went to the store and bought a file cabinet, and then you took that file cabinet home and you added folders to it. Some of your folders contain child pornography. Some contain perfectly legal items. I understand that. That's the office model of computers that we've come to kind of dote upon. My trouble is that if what Congress is saying is, look, if you put some child pornography in a thing, in a book, maybe it's 1,000 pages. There are a lot of 1,000 page books. And 10 percent of that book is child pornography. Congress seems to say, look, we're not going to play fun and games about tearing out pages. The whole book goes. Why is it we have to play fun and games when the files are on a hard drive? In my mind, a book is a unitary thing. All the pages are part of the book. But if I take the book and split it and put each chapter on a separate file on my hard drive, that's different. Then you wouldn't ‑‑ then the book is safe in that sense because now I can keep the whole thing except for the pornography part if you take it away. Well, I don't dispute that the hard drive itself, like the physical file cabinet, is subject to forfeiture. Of course, the individual files that are child pornography are contraband and subject to forfeiture. But I think that you have, after you bought this hard drive, you added illegal and legal files. And I think the legal ones you can pull off. And the hard drive itself is still subject to forfeiture. You say they can be pulled off. You say that the noncontraband family photographs are divisible. Right? The question is this. Who is obligated to divide them? Is it the government or is it the defendant? Number one, if there was an agreement in the court below to divide them, what is that agreement? Number three, if the court denied your motion, it found that the agreement, whatever it was, was not violated. Number four, how is that an abuse of discretion that we can reverse on? Well, Your Honor, I believe the agreement was print out a directory. Where in the record is there an agreement by the government that says we will print out the directory? Well, at the change of plea hearing, Judge Wanger, who took the plea, said why don't you print out a directory, identify noncontraband, split them, give the balance back to Mr. ---- At page 14 of that hearing, the court says, all right, what I'm going to request is this. One, that Mr. Days, the prosecutor, be given access to the agent, whoever that is. I don't see that that is very specifically identified. Was it an FBI agent? Was it some other type of agent? And that we get the best inventory and or description of what is on the drives, that we, who's we? The court? The attorneys? The defendant? Who's we? And then that we be, and then that be provided to Mr. Gladding and it be coordinated. Does this sound to me, to you, like a contract specific enough to be specifically informed or performed? To me, it does sound like they're saying that. Well, who is to do what? Who is to provide the inventory? Is that to be the government provide the inventory or we provide the inventory? Well, he says the defense attorney is given access to the agent. I believe it was an FBI agent. And they were. We get the best inventory from whom? From Mr. Days or from the agent? Well, I will agree that he doesn't name that, but I believe. Well, if we're going to specifically perform a contract, basic concepts are that it has to be specifically enforceable only if the terms are objectively clear. What are the terms of the contract here as far as who provides the directory? Well, from Mr. Gladding's perspective, the party is entering a contract. I'm not asking for argument. I'm asking for evidence of the contract. Well, I can tell you that my understanding is that the kind of directory the defense could produce with its access is called an NCASE directory. It's going to list the folders but not files. I think it would have to be the government to get that sort of Windows folder file directory. That's my understanding. Is that a finding that a trial court should make implicit in the evidence? Well, Your Honor, perhaps. I mean, there were. I mean, we're not able to make that kind of a finding. There wasn't a very detailed hearing on that in district court. So if there was a denial of the motion, where is the clear error on which we should remand? I believe that Rule 41g says that in this circumstance, the case is over, no longer needed as evidence, it's not contraband. I think Rule 41 says the presumption is the defendant gets this back, and I think that was the defendant's understanding of the agreement at the change of plea. And I realize I'm just 10 seconds left. I took you over in my questioning. I'm sorry. Your time has expired, counsel. Thank you. We'll hear from the governor. Good morning. David Gappa for the United States. The district court did not abuse its discretion when it denied the motion under Rule 41g for the return of the noncontraband files. This Court would review that for clear error, and there was no error in the Court's decision. The context is that the defendant has asked for return of all noncontraband files from devices that have been ordered forfeited. And I gather the government does not oppose that. Correct. In other words, your interpretation of 41g is that he is entitled to all noncontraband files that are on that drive, that hard drive. Yes. All right. Now, so what's the – where is the dispute here? Well, I think it's a question of where is the burden. And I – the government agrees that in this context, in the Rule 41 context, it's the defendant's motion, therefore it's the defendant's burden. And he failed to specifically say which files that it was that he was entitled to, which files he wanted. And at the change of plea hearing, which was a different proceeding, I think that in good faith everybody was hoping that it would be a cooperative endeavor. And the district court judge said, what I'm going to request is that the expert – the defense counsel be given access to the FBI agent and that they work together to create a directory and a listing of the files, that be given to the defendant, and then everybody worked to return the property the defendant identified. Now, unfortunately, that process broke down because the communication was perceived to be futile between the defense attorney and the government expert. So that directory was never created. There was discussion about if we could just – even as recently as today, if we could just get the directory. I think it's important for the Court to note that not only did the defense have an expert at the time the change of plea was happening, but also since then the defense has retained an expert. And the defense did request to stay in this proceeding so that the defendant could have not just the files, but also the directories, and compare them to see whether he had all of the files that he was entitled to see. Now, where does that stand? Well, our view was that the defendant had been given every opportunity to take those files. His defense expert came in, gave – was given unfettered access to that material and was actually able to remove thousands of files. The only restriction the government put on it was that we had the defendant expert certify under penalty of perjury that he did not remove any contraband. But we didn't check to see whether that was the case. We just took him at his word as an officer of the Court. And he certified that he did not remove any contraband. But he did remove thousands of non-contraband files. It appears that those files dated from 1998 through 2009. They took the formats of Excel spreadsheets, JPEG files, Word documents, other documents. Are those – And those have all been turned over? Yes. Those were given to the defense – well, from the defense expert through counsel presumably to the defendant himself. And then he was given months to compare the content of that material to the directories. And there was specific reference to the directory that the defense expert was able to create. So it's not a situation where the government locked up the evidence and said, you can't have it, we're not going to give you access to it. We gave them access. And it appears that he's been given thousands of those files. So I think it goes back to the initial question, where are we at, how is it that we could move forward with this proceeding? I think the only thing that this Court could do is just clarify that it is the defendant's burden under Rule 41. It's his motion. And he has failed to identify specifically which files it was that he wanted. And at this point in the proceeding, he's failed to identify which files have not been returned to him. And it was at that point in the district court proceeding when the judge in the Rule 41 motion said, well, I'll give you one last opportunity, but I've got to give you notice that if he doesn't come forward and he doesn't specifically say what it is that he's entitled to, I'm likely to just deny the motion and he may lose, he may not get anything back. Mr. Gappa, may I ask you a question? Was the defense expert given full access to all the files, contraband and noncontraband? Yes. Was anything held back from the defense expert which was made available to the government for purposes of compiling a directory of files or folders? No. Thank you. And, in fact, the government did, it's clear from the proceeding, segregate, having asked the one detective to go through all of the items that had been seized and to segregate those that appeared to not have any contraband and those that did have contraband. And there were 168 CDs or DVDs, a 1-gigabyte USB drive, a Mac Store external drive, a wireless router, and another external drive. All of those things, based on several days of review by one detective, were determined not to have contraband. Those were put to the side. Everything else that the defendant, I'm sorry, the detective reviewed was determined to have at least one or more files of contraband. Those are the items that were left, the two Dell laptop computers, the one compact computer, several CDs and hard drives. So it's only the material which, again, was ordered forfeited, those devices arguably could just be forfeited in their entirety because that is what the government argued initially in the motion for return of property, that if that device was used to obtain the child pornography, if it was storing child pornography, the entire device would be subject to forfeiture. Another analogy in addition to that. Roberts. Counsel, I heard what you just said, and I heard what you said at the beginning just clear in my mind. The government's position is that the whole thing is not forfeitable. In other words, defense says, well, if there are good files and bad files, the good files are not forfeitable as a matter of law. The government concedes that's true. Is that right? Say on a hard drive or in the computer, whatever it is, the good files can't – no, the government can't just say we're just forfeiting the whole thing. It has to somehow get the good segregated from the bad. Correct? Well, I should have come back to add a response after I gave the yes or no answer to the initial question of is that property subject to being returned. In this particular case, under these facts, I would say yes, that it can be returned because the way the forfeiture order was entered, it was to contraband property only. So under these facts in this case, there was a segregation, at least conceptually in the judge's mind, of contraband and noncontraband. As a general matter, the government had argued in that proceeding, and I think takes the position today, that in general, if a device, say a hard drive or a computer storage device, is used in the commission of the offense, the entire device is subject to forfeiture, including all of its contents. So the defendant in any particular case could then come forward with a motion for  Now, the question is, if the government is going to return the device to the government, what property is it that they think they're entitled to? And if under those circumstances, it's not unreasonable for the government to make that property available, then case by case, I think a district court or adjudicator could determine, is that an order that the court would enter. In this case ---- But as a matter of law, you would say the government in that case, he does, the person does come forward and say, this is a good file. Are you saying as a matter of law, the government would have to return it? Or are you saying, well, if a district judge tells us to, we will? I think that what we need to do is keep in mind that that would, in the government's view, arise in the context of the forfeiture, which would precede where we're at today. We had forfeiture in this case, and it's just a situation where that court entered an order which segregated, conceptually contrabanded a property that was returnable and not returnable. So in general, I think that the issue could have been resolved in that context, and the court could have simply said, I'm just ordering the entire device forfeited. End of inquiry. And then perhaps the defendant could have appealed that forfeiture order. But under these facts, we're in a different situation, and it is the defendant's duty as a court and to identify what it is that he thinks is right. Kennedy. Mr. Gappa, you've said that several times. It's the defendant's duty to identify what is not forfeitable, right? Yes. Do you have a case that says that? Not specifically. There are not many cases on this particular issue, so no. If not specifically, at least impliedly, do you have any authority for that? Well, it's always, I think, been in those cases which this Court has considered. For instance, the Creasle case, which is probably the most recent from 2013. The specific property was identified as the DNA. So there was not everything that had been seized, which was a broader class of property, but rather specifically, we want this particular property. So I think it's implied that a defendant, in the context of what's a reasonable request, has to make that specific request. Counsel, your time has expired, but let me ask you this. In light of the government's concession that it's willing to allow the return of noncontraband files on the larger hard disk, setting aside the question of whether the hard disk as a whole is forfeitable, that's not in front of us at the moment, as I understand it. In light of the very recent contact you've had with opposing counsel, would it make sense for us to defer submission for a few weeks to see if this new expert can complete the production of the directory, obviously, as the defendant's initiative here? Would the government object to that? Well, we believe that at the moment, short answer, I guess, one-word answer, yes. Because not that we don't want to cooperate, we do. It's just that we made a motion for this to be remanded so that this Court wouldn't have to devote resources to settle an issue which appeared to have been settled. The defendant opposed that. He took the view that I get everything back, not just my family photo, which was the narrow, discrete universe of what he wanted initially. It's everything, which means potentially millions of files. So we could imagine a scenario where we produce a directory. Perhaps it is 12 inches if there are three or four hard drives thick. We give that to the defense, and he highlights various files. But then the problem becomes you have to open those files. And then we give him all of those. He can still say, well, I want other files. So we went through that process, unfortunately, tried to accommodate them as best we could. And then they had their own expert do that. And they spent several months, and they did get a comprehensive directory. So it's not that we're not willing to. We would certainly like to do whatever we could to be equitable and resolve the case. But we just don't see that it would be. Well, it occurs to me that this is a possible candidate for mediation, and mediation may not have to last very long, particularly if there's a new expert who can hone in on whatever it is that has not been completed in the prior production of the directory. Would the government object to mediation at this point? Does the Court need an answer at this moment? Well, the question is being asked at this moment. Of course, we can order it anyway. Yes. I think conceptually, no, we wouldn't oppose it. Okay. It's just I don't know whether I need to get approval from my office. With that understanding, obviously. All right. Let's hear from Ms. Wiggin. We let the government go over three minutes, and so you can have three minutes. Thank you very much. I just want to give our side of this sort of history of what's happened. My understanding from talking to my expert is that we cannot, the defense, the kind of access we are given to the hard drive, we cannot produce the kind of directory that would list every file folder. So when Mr. Gapas says that a comprehensive directory has been produced, that isn't accurate from our perspective. And I think that, you know, I have no objection to mediation at all, but I think that we would need direction from this Court that if the defense is not able to produce a directory that lists files, that then I can give to Mr. Gladding, because he's the one who believes there's unproduced files, that if my expert can't produce that, then the government should be required to produce that file to Mr. Gladding for his review. Otherwise, I think that we'll be in the same endless loop of breakdown. That is the main thing I wanted to say, is that I would like to resolve the case, but I think that this question of either the government has to certify we produced all noncontraband, or it has to give us a directory. And I think, you know, in most seizure cases ---- This is a question of whether the government is expert to produce a directory. That is definitely something I would have to ask my lawyers. That's something you could discuss in mediation. We could discuss it in mediation, I suppose. All right. Yeah. All right. Well, let's leave things there, counsel. The case, Judge, just argued will either be submitted or not, depending on what the panel decides. And the Court will adjourn. Thank you.
judges: O'SCANNLAIN, FERNANDEZ, BEA